UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDWARD M. HAMPTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   No. 1:16-cv-00854-TWP-MPB |
| DAVID SMITH Chaplin, | ) ) ) |
| Defendant. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

This matter is before the Court on several pending motions.

**I.**

The plaintiff's request to proceed *in forma pauperis* [dkt. 3] is **granted** because the assessment of even a partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre-*payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.**

Plaintiff Edward Hampton is an inmate at the Correctional Industrial Facility in Pendleton, Indiana. Hampton has sued Chaplin David Smith because on April 8, 2016, Hampton was removed from a religious service. Hampton alleges that he was forced to leave even though he didn't cause "any serious problems." He states that this caused him emotional distress. He seeks damages in the amount of one million dollars.

### III.

Hampton's complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. *See Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999). A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)).

Hampton apparently alleges that the defendant infringed upon his right to practice his religion in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, et seq.

The RLUIPA claim must be dismissed for failure to state a claim upon which relief may be granted because RLUIPA does not create a cause of action against state employees in their personal capacity. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *Nelson v. Miller*, 570 F.3d 868, 886–89 (7th Cir. 2009).

Thus, Hampton is left with his personal capacity damages claim under 42 U.S.C. § 1983 for alleged violations of his First Amendment rights, as applied to the States through the Fourteenth Amendment. But the inability to participate in a religious service on one occasion is insufficient to establish a constitutional violation. The complaint reflects that Hampton was removed from the Chapel because he was questioning the Chaplain at the podium about something the Chaplain had allegedly said "about Muslims." When the Chaplain told Hampton that he did not want to talk, Hampton "smiled and said, 'why is that, is it because I am a Muslim, because you have a [sic]

open door policy for the Christians it seems?" Hampton was directed to leave the podium or leave the chapel. Hampton walked away and was removed by correctional officers a few minutes later.

The First Amendment provides, in pertinent part: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." U.S. Const. Amend. I. The Free Exercise Clause of the First Amendment prohibits the government from imposing a "substantial burden" on a "central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). The allegations in the complaint do no suggest that the removal from the chapel on a single occasion (when the plaintiff was attempting to discuss an issue with the Chaplain) imposed a substantial burden on Hampton's beliefs or practices. Hampton's First Amendment claim is dismissed for failure to state a claim upon which relief can be granted.

In addition, the Prisoner Litigation Reform Act ("PLRA") provides "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. ' 1997e(e). But that is exactly the relief sought in the complaint: a million dollars to compensate him for his emotional distress. Accordingly, the plaintiff' claim for compensatory damages is **dismissed.**

Without a sufficient factual basis to allege a viable claim for relief or basis to seek damages for emotional distress this action must be dismissed.

**IV.**

Mr. Hampton shall have **through June 3, 2016,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show

cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

Date: 5/4/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

EDWARD M. HAMPTON
988987
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064